Filed 6/27/25  In re Mira W. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re MIRA W., a Person Coming Under the Juvenile Court Law. | |
| HUMBOLDT COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>STEVEN N.,<br><br>    Defendant and Appellant. | A172036<br><br>(Humboldt County Super. Ct. No. JV2200145) |

Father, Steven N., appeals from an order terminating parental rights as to Mira W. on the grounds that the juvenile court failed to comply with the Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.) and related California law (Welf. & Inst. Code, § 224 et seq.).[1]  The Humboldt County Department of Health and Human Services (Department) concedes that remand is required for compliance with ICWA and related California law.  We agree.  We conditionally reverse the juvenile court's order

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise specified.

terminating parental rights and remand for compliance with ICWA and related California law.

## FACTUAL AND PROCEDURAL BACKGROUND

The only issue father raises on appeal is whether the juvenile court and the Department complied with their obligations under ICWA and related California law. Accordingly, we summarize only the factual and procedural background that is relevant to ICWA compliance.

On September 9, 2022, the Department filed a juvenile dependency petition regarding then-six-month-old Mira W. It alleged the child was at substantial risk of harm as a result of mother and father's inability to supervise, protect, and care for Mira W. due to neglect and substance abuse and/or mental health issues. (§ 300, subd. (b)(1).) It also alleged both parents had exposed Mira W. to domestic violence. The Department filed an amended petition on September 16, 2022, which included additional details regarding mother's mental health. Mira W. was placed with a resource family.

The Department's December 1, 2022, disposition report stated the following: ICWA may apply based on mother's statement that father was a Karuk Tribe member and wanted to enroll Mira W., and the Department social worker confirmed that father was on the "role [*sic*]" with the Karuk Tribe. The Department further reported that on November 28, 2022, a Department social worker contacted the Karuk Tribe by email and telephone regarding Mira W.'s eligibility status and that the tribal social worker responded by email "that the child would be eligible for descendancy, however ICWA does not apply to descendant cases." The report concluded that the Department would conduct a further inquiry with the paternal family regarding Native American ancestry and that if Mira W. were eligible for

2

membership, the Department would provide an ICWA expert report. However, contrary to the report's ICWA discussion, the Department's proposed findings stated that ICWA did not apply.

The appellate record does not include a reporter's transcript for the December 1, 2022, disposition hearing. However, the minute order from the hearing states that the juvenile court adopted the Department's recommended findings and orders, which included a finding that ICWA did not apply.

On June 1, 2023, father, who was incarcerated at the time, made his first appearance at the six-month review hearing. The juvenile court elevated father's status from alleged to presumed father. The juvenile court asked about father's indigenous/Native American heritage, and his counsel responded that he was a member of the Karuk Tribe. The Department's June 1, 2023 status review report repeated the prior information from its December 1, 2022, report regarding father's tribal membership and the email from the tribal social worker that Mira W. "would be eligible for descendancy; however, ICWA does not apply to descendant cases." It further reported that at the December 1, 2022 disposition hearing, the court found that ICWA did not apply. Again, the Department's report did not include copies of either the Department's notice to the Karuk Tribe or the Karuk Tribe's response. Finally, it did not report on any further investigation regarding paternal ancestry that it had referenced in the December 1, 2022 report.

On July 5, 2023, the juvenile court terminated reunification services and scheduled a section 366.26 hearing. On October 4, 2023, the Department filed Judicial Council Forms, form ICWA-020, Parental Notification of Indian Status, in which father stated he was a member or was eligible for

membership in the Karuk Tribe.[2]  On November 28, 2023, the juvenile court granted mother's section 388 modification petition, ordered further reunification services for mother, and vacated the section 366.26 hearing.

The Department filed two reports in advance of the next review hearing, which was continued to July 31, 2024.  The Department recommended termination of reunification services and the setting of a section 366.26 hearing.  The ICWA section of the Department's May 28, 2024 report repeated the prior information regarding the Department's email communication with the Karuk Tribe's social worker; summarized the Department's confirmation with mother and maternal grandmother that they had no known indigenous/Native American ancestry; and stated that father returned Judicial Council Forms, form ICWA-020, on October 4, 2023, indicating that he was a member of the Karuk Tribe.  The ICWA section concluded that on December 1, 2022, the court found that ICWA did not apply.  The Department's July 25, 2024 addendum report stated that father requested that reunification services be reinstated as he was recently released from prison.  It further stated that father would like to enroll Mira W. in the Karuk Tribe.  The Department recommended denial of father's request to resume reunification services and that the juvenile court set a section 366.26 hearing to terminate parental rights.

On July 31, 2024, the juvenile court denied father's petition to resume reunification services; terminated reunification services as to mother; and scheduled a section 366.26 hearing for December 2, 2024.

---

[2] On August 25, 2023, the Department also filed Judicial Council Forms, form ICWA-020, for mother, in which she indicated no knowledge of membership or eligibility for membership in any federally recognized Indian tribes.

The Department's December 2, 2024, report recommended termination of parental rights of mother and father and a permanent plan of adoption. Regarding ICWA, the Department's report repeated the information contained in its prior reports, including that father was a member of the Karuk Tribe and filed Judicial Council Forms, form ICWA-020, confirming the same. The Department concluded that "[t]here continues to be no reason to believe or know ICWA applies."

Father, who was in custody, appeared at the December 2, 2024, section 366.26 hearing with new counsel. Father's counsel contested the Department's conclusion that ICWA did not apply. She argued that Mira W. met the definition of an Indian child because she was the biological child of father, who was an enrolled member, and she was eligible for enrollment as a descendant.[3] The Department responded that "the ICWA issue has been resolved . . . a long time ago" and opposed any continuance. The juvenile court continued the hearing to December 11, 2024, for father's counsel to further evaluate the applicability of ICWA.

On December 11, 2024, the parties appeared before a different judicial officer for the continued section 366.26 hearing. Father's counsel requested a further continuance to allow time to obtain an expert witness to testify regarding the difference between tribal descendancy and enrollment as it relates to applicability of ICWA and how termination of parental rights would affect Mira W.'s connection to the tribe. The trial court initially responded that the Karuk Tribe was fully noticed of all proceedings and was not present. The Department opposed any continuance, stated it complied

---

[3] The language of ICWA and related California statutes uses the term "Indian," and the parties used this term at the hearing. In this opinion, we use the term "Indian," rather than "indigenous," in referring to the statutory language. We intend no disrespect.

5

with ICWA, and stated the Karuk Tribe had an opportunity to appear and did not.  The Department's social worker told the court that she emailed the Karuk Tribe on November 12, 2024, and did not hear back.  Father's counsel argued that ICWA applied to minors who are eligible for membership and that descendancy was a type of membership according to the Karuk Tribe, then urged the juvenile court to permit a continuance to properly determine the issue rather than have to correct the issue on appeal.  The juvenile court clarified that the Karuk Tribe was not formally noticed of all the hearings but "they have been contacted and checked on throughout.  And they would have had every opportunity to engage if they chose to do so."  It then concluded: "So there's some times when you just have to deal with appellate issues. . . . [I]n this case . . . it isn't a situation where we haven't addressed the issue at all.  We've identified the tribe, the Karuk Tribe, and we've talked with them directly in this case . . . .  And they have not become involved.  And there was a determination [that ICWA] does not apply. . . . [¶] . . . And the [ICWA] does not apply to make a parent a super parent to delay proceedings in matters . . . .  It is to make sure that the tribe that would be involved in the case, could be involved in the case, has notice and right to be heard.  And in this case, that has been done over and over again.  In fact, we have a direct response from the tribe itself.  And then we have the most recent reach-out where there was no response given back."  The juvenile court denied the motion to continue and found that ICWA did not apply.  It terminated parental rights of both parents and selected adoption as the permanent plan.

## DISCUSSION

Father argues for reversal because the Department failed to formally notice the Karuk Tribe and the juvenile court erroneously determined that ICWA did not apply.  He further argues that the juvenile court erred by

6

terminating parental rights without making the additional findings required by ICWA in terminating parental rights to an Indian child. The Department concedes that it was error to terminate parental rights without fully complying with ICWA, and it does not oppose a limited reversal and remand for ICWA compliance. We agree the record demonstrates a lack of compliance with ICWA's notice provisions and remand is necessary.

ICWA establishes minimum federal standards that a state court must follow before removing an Indian child from his or her family. (*In re D.S.* (2020) 46 Cal.App.5th 1041, 1048.) California incorporated ICWA's requirements into its statutory law. (*Ibid.*) ICWA and related California statutes define an Indian child as "[a]ny unmarried person who is under 18 years of age and is either . . . : [¶] (A) A member or citizen of an Indian tribe [or] [¶] (B) Eligible for membership or citizenship in an Indian tribe and is a biological child of a member or citizen of an Indian tribe." (§ 224.1, subd. (b); 25 U.S.C. § 1903(4).) When the Department or the juvenile court has a "reason to know" the child is an Indian child, then notice pursuant to ICWA must be sent to the pertinent tribes. (§ 224.2, subd. (f).) There is a "reason to know" a child is an Indian child if "[t]he court is informed that either parent or the child possess [*sic*] an identification card indicating membership or citizenship in an Indian tribe." (§ 224.2, subd. (d)(6).) Here, the Department stated in multiple reports that father was a member of the Kurak Tribe. It reported father was "on role [*sic*]" and that he wanted to enroll Mira W. Thus, the Department and the juvenile court had "reason to know" the child is an Indian child, which triggers the notice requirement under section 224.3 and California Rules of Court, rule 5.481(c).

Although it is the tribe that makes the final determination of a child's Indian status (*In re Nikki R.* (2003) 106 Cal.App.4th 844, 848; § 224.2, subd.

7

(h)), when, as here, there is a "reason to know" a child is an Indian child, ICWA and section 224.3 require notice to the tribe of "hearings that may culminate in an order for foster care placement, termination of parental rights, preadoptive placement, or adoptive placement . . . ."  (§ 224.3, subd. (a); 25 U.S.C. § 1912.)  Section 224.3 details the required method of service of the notice (registered or certified mail, with additional notice by first class mail recommended); to whom the notice must be sent (including the tribal chairperson unless the tribe has designated another agent for service); and the information required to be included with the notice.  (§ 224.3, subd. (a)(1)–(5).)  Subdivision (c) requires the Department to file with the court proof of notice and return receipts and responses received in advance of the court hearing.  (§ 224.3, subd. (c); Cal. Rules of Court, rule 5.482(b) ["Proof of notice . . . must be filed with the court in advance of the hearing . . . and must include *Notice of Child Custody Proceeding for Indian Child* (form ICWA-030), return receipts, and any responses received from the Bureau of Indian Affairs and tribes"].)  After the required notice is provided, "[a] determination by an Indian tribe that a child is or is not a member or citizen of, or eligible for membership or citizenship in, that tribe, or testimony attesting to that status by a person authorized by the tribe to provide that determination, shall be conclusive.  Information that a child is not enrolled, or is not eligible for enrollment in, the tribe is not determinative of the child's membership or citizenship status unless the tribe also *confirms in writing* that enrollment is a prerequisite for membership or citizenship under tribal law or custom."  (§ 224.2, subd. (h), italics added.)

The juvenile court has an ongoing duty to comply with ICWA's notice requirements "until it is determined by the relevant tribe, *following adequate notice*, that the child is not an Indian child."  (*In re K.R.* (2018) 20

8

Cal.App.5th 701, 706, italics added.) When, as here, there is "reason to know" a child is an Indian child, "the court shall treat the child as an Indian child unless and until the court determines on the record and after review of the report of due diligence . . . , a review of the copies of notice, return receipts, and tribal responses required pursuant to Section 224.3, that the child does not meet the definition of an Indian child as used in Section 224.1 and [ICWA]." (§ 224.2, subd. (i).) Although the Department reported that it emailed the Karuk Tribe's social worker and received an email response stating that "the child would be eligible for descendancy; however, ICWA does not apply to descendant cases," the record does not contain copies of these emails. Thus, we do not know whether the Department provided the tribe with the information required by section 224.3, including the date and location of scheduled hearings and the tribe's right to intervene. Nor does the Department's summary of the tribe's response definitively state whether Mira W. is eligible for membership in the tribe. Further, an email to a tribal social worker is not the prescribed method of service required by section 224.3. As the Department recognizes, it failed to comply with the ICWA notice requirements. We agree the juvenile court erred in finding that ICWA did not apply when the record established that the tribe was not given the statutorily required notice. (§ 224.3; Cal. Rules of Court, rule 5.481; *In re Isaiah W.* (2016) 1 Cal.5th 1, 11 ["any finding of ICWA's inapplicability before proper and adequate ICWA notice is given is not conclusive"].)

Unfortunately, the Department and the juvenile court's errors further delay the implementation of a permanent plan for Mira W. We conditionally reverse and remand to the juvenile court for compliance with ICWA.

9

## DISPOSITION

The orders entered at the section 366.26 hearing are conditionally reversed. The matter is remanded with instructions for the juvenile court to order the Department to comply with ICWA inquiry, notice, and documentation provisions under sections 224.2 and 224.3, and California Rules of Court, rule 5.481. If, after receiving the statutorily required ICWA notice, the Karuk Tribe does not respond, or responds that Mira W. is not an Indian child, then the juvenile court shall reinstate the order terminating parental rights. If the Karuk Tribe responds that Mira W. is an Indian child, then the juvenile court shall conduct a new section 366.26 hearing and any further proceedings in compliance with ICWA.

Jackson, P. J.

WE CONCUR:

Burns, J.
Chou, J.

A172036/*Humboldt County Dept. of Health and Human Services v. Steven N.*

10